IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-537-BR

| | |
|---|---|
| FRANK BRETT, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER and** |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| ROBERT LAUFF and | ) |
| ROYAL MARKET OWNER, | ) |
| Defendants. | ) |

This pro se case is before the court on the motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Frank Brett ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons stated below.

**BACKGROUND**

Plaintiff's complaint consists of a four-page form (D.E. 1-1) completed in handwriting and a four-page attachment (D.E. 1-2), which appears to be handwritten lists of license plate numbers organized, in some fashion, by date, time, and location. The lists also contain other various marginal notations. In his complaint, plaintiff alleges that defendants, Robert Lauff and the owner of Royal Market, along with other individuals not named as defendants, "slandered [him] for the last 2 years in Raleigh, North Carolina and Philadelphia, Pa. They are stating that I am retarded, and gay." (Compl. 2). He also alleges that friends of defendant Lauff stalked and

harassed him. (*Id.* 3). Plaintiff's allegations contain references to the attached list of license plate numbers. Though plaintiff does not state the relief he seeks in the complaint, he does indicate in the civil cover sheet (D.E. 1-4) that he is seeking $1 million dollars from each defendant. Plaintiff also states in the civil cover sheet that he is bringing the action based on "1983 Civil Rights Act." (*Id.*)

## DISCUSSION

I.   **Legal Standards Applicable to Plaintiff's Complaint**

The court must dismiss a case brought in forma pauperis if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court

3
Case 5:11-cv-00537-BR   Document 3   Filed 02/09/12   Page 3 of 5

determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction. *Id*. § 1332. It requires, among other things, that all plaintiffs and all defendants be citizens of different states. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

## II.     Analysis of Plaintiff's Complaint

From the limited allegations, it appears that plaintiff seeks to bring a claim against defendants for slander and harassment. However, plaintiff has failed to allege the grounds that would support this court's jurisdiction for such a claim.

First, while plaintiff cites to 28 U.S.C. § 1332 (Compl. 2), the allegations in the complaint fail to support diversity jurisdiction. Specifically, the complaint alleges that plaintiff is a resident of Philadelphia, Pennsylvania (*id*. 1) and that defendant Robert Lauff is resident of Havertown, Pennsylvania (*id*. 2). Because both plaintiff and one of the two named defendants appear to be citizens of Pennsylvania, the requisite diversity of citizenship does not exist.

Plaintiff has also failed to cite in his complaint any federal statute or other provision of federal law establishing any right of action under the alleged circumstances. Despite the single reference to "1983 Civil Rights Act" in the Civil Cover Sheet, there are no allegations in the complaint that suggest a violation of § 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (holding that to prove a violation of § 1983, a plaintiff must show that he was deprived of a right guaranteed to him by the United States Constitution and, second, that defendants acted

under color of state law). The court has considered whether the complaint otherwise alleges claims that arise under the Constitution, laws, or treaties of the United States and finds that it does not. The complaint therefore fails to adequately allege federal question jurisdiction.

The court has considered whether bases for jurisdiction other than those discussed above exist and finds that there are none. Plaintiff has therefore failed to establish that this court has subject matter jurisdiction over this case. Accordingly, it will be recommended that this action be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 9th day of February 2012.

James E. Gates
United States Magistrate Judge